## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID BOUCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                    ) | DOCKET NO: |
| ) | |
| JEVIC TRANSPORTATION, INC.   ) | **05 - 40111** F̶D̶S̶ |
| ) | |
| Defendant.            ) | |
| ) | |

### NOTICE OF REMOVAL

The defendant, Jevic Transportation, Inc. ("Jevic"), hereby petitions this Court that the above-entitled action, now pending against it in the Worcester Superior Court, Civil Action No. 05-1012B, be removed therefrom to this Court under 28 U.S.C. §1332. In support of this notice, Jevic states as follows:

1.      On June 3, 2005, the plaintiff filed an action, styled and captioned as above and assigned Civil Action No. 05-1012B, for violation of Chapter 149, §27 (violation of overtime laws) and Chapter 151, §1A (violation of overtime laws).

2.      The plaintiff served a copy of the Summons and Complaint upon Jevic on or about June 20, 2005.

3.      Having been filed within 30 days of service of the Summons and Complaint upon Jevic, this Notice of Removal to the United States District Court has been filed in a timely manner pursuant to the provisions of 28 U.S.C. §1444(b). *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S 344, 347-48 (1999).

RECEIPT # 204204
AMOUNT $ 250.00
BY DPTY CLK
DATE 7-6-05

4.    Jevic will promptly provide written notice, as required by 28 U.S.C. § 1446(d), to the adverse party and clerk of the state court in which this case was initially filed.

5.    Jurisdiction exists over this removed action, pursuant to 28 U.S.C. § 1441, because this action could originally have been filed in this Court, pursuant to 28 U.S.C. § 1332(a)(1), on the basis that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000:

   (a) The defendant, Jevic Transportation, Inc., at the commencement of this suit was and has continued to be a New Jersey corporation having its principal place of business in Delanco, New Jersey;

   (b) Based on the Complaint, the plaintiff is an individual residing in the Town of Charlton City, Massachusetts; and

   (c) The amount of damages sought by the plaintiff exceeds $75,000.00.

6.    In determining whether the amount in controversy requirement has been met, courts apply the "legal certainty" test which requires that a court dismiss an action if "it appears to a legal certainty that the plaintiff's claim is for less than the jurisdictional minimum." *Giangrande v. Shearson Lehman/E.F. Hutton*, 803 F. Supp. 464, 467 (D. Ma. 1992) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Although attorneys' fees do not usually constitute part of the amount in controversy for determining diversity jurisdiction, reasonable attorneys' fees can be included in an assessment of the amount in controversy when such attorneys fees are provided by statute. *Spielman v. Genzyme Corp.*, 193 F.R.D. 19, 21 (D. Ma. 2000). In the instant case, attorney's fees are provided by Chapter 149 and plaintiff is seeking attorneys fees under the statute.

968708v1

7.    In the instant case, plaintiff seeks triple damages for lost overtime and wages over the course of seven years, as well as attorney's fees associated with this action. As such, plaintiff's claim exceeds $75,000 in damages and allowable fees.

8.    Pursuant to 28 U.S.C. §§ 101 and 1441(a), the United States District Court for the District of Massachusetts is the proper forum for the removal of the state court action which was commenced in the Worcester Superior Court.

WHEREFORE, the defendant, Jevic Transportation, Inc., requests that the action pending in the Superior Court in Worcester County be removed therefrom to this Court and proceed as an action properly so removed.

Respectfully Submitted,

Morrison Mahoney LLP

By: _____
Gary W. Harvey, BBO #547993
Tory A. Weigand, BBO #548553
250 Summer Street
Boston, MA 02210-1181
Tel: (617) 439-7500
Fax: (617) 342-4875 – Harvey
Fax: (617) 342-4947 – Weigand

and

BRYAN CAVE LLP

Jeremiah J. Morgan, pro hac vice pending
3500 One Kansas City Place
1200 Main Street
Kansas City, MO  64105
Tel: 816-391-7647
Fax: 816-374-3000
ATTORNEYS FOR DEFENDANT JEVIC
TRANSPORTATION, INC.

968708v1

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served via United States mail, first class postage prepaid on this 6th day of July, 2005, addressed to the following counsel of record:

        Raymond A. Desautels III, Esq.
        466 Main Street, P.O. Box 289
        Oxford, MA 01540

        Attorney for Plaintiff

                                            _____
                                  Attorney for Defendant

4

FILED

JUN 0 3 2005

ATTEST: _____
CLERK

05-40111

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

WORCESTER, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.:

05-1012 B

DAVID BOUCHER,                    )
                    Plaintiff,    )
                                  )          COMPLAINT AND DEMAND
vs.                               )          FOR TRIAL BY JURY
                                  )
JEVIC TRANSPORTATION, INC.        )
                    Defendant     )

## PARTIES

1.     The Plaintiff, David Boucher, is an individual residing at 30B Brookfield Road in the Town of Charlton City, County of Worcester, Commonwealth of Massachusetts, (hereinafter referred to as "Boucher").

2.     The Defendant, Jevic Transportation, Inc., upon information and belief, is a corporation duly authorized to operate in the Commonwealth of Massachusetts with an office at 6 Pioneer Drive in the Town of Oxford, County of Worcester, Commonwealth of Massachusetts (hereinafter referred to as "Jevic").

3.     At all times here mentioned, the Plaintiff, David Boucher, was an employee of Jevic as a warehouse worker operating a fork truck and unloading and loading of trucks.

4.     Boucher began working at Jevic on August 1, 1998. During the course of his employment, he always worked on the dock as a fork truck operator.

5.     During the course of Boucher's employment his pay rate gradually rose to a maximum of $19.40 per hour.

6.     During the course of Boucher's employment he worked more than forty hours per week many times.

7.     Jevic never paid Boucher time and one-half for any hours worked over forty hours in a single work week.

## COUNT I
## NON-PAYMENT OF OVERTIME

9.    The above-referenced actions of the Defendant, Jevic, are in willful violation of Chapter 149, §27 and Chapter 151, §1A which require employers to pay time and one-half after a forty hour work week.

WHEREFORE, the Plaintiff requests actual lost wages since the date of his employment plus triple damages as allowed by statute, attorney's fees and costs of collection.

Respectfully Submitted,
DAVID BOUCHER,
By His Attorney,

Raymond A. Desautels III, Esquire
466 Main Street, P.O. Box 289
Oxford, MA  01540
(508) 987-6232
BBO #560505

Dated: May 2?, 2005

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

**FILED**

ATTEST:

JUN 22 2005

*~~~ Q. ~~~*

CLERK

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No.    05-1012B

DAVID BOUCHER

Plaintiff (&)

)
)
)
)
)
)
)
)
)

**SUMMONS**

v.

JEVIC TRANSPORTATION, INC.

Defendant (&)

*    To the above-named Defendant:

 You are hereby summoned and required to serve upon Raymond A. Desaurels III, Esquire .............................................., plaintiff's attorney, whose address is 466 Main Street, P.O. Box 289, Oxford, MA 01540 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

 Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

 Witness. SUZ~~ Barbara J. Rouse ~~CHIO. Esquire, at Worcester, the.....16th............. day of .......June.....................................in the year of our Lord two thousand and ..2005.............  .

*~~~ Q. ~~~*

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

 PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT. EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

*    NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100

Worcester, ss.

06/21/2005

I hereby certify and return that on 06/20/2005 at 01:15pm I served a true
and attested copy of the Summons and Complaint & Demand for Trial by Jury,
Civil Action Cover Sheet, Tracking Order F Track in this action in the
following manner: To wit, by delivering in hand to DAVID BARTOLICCI, agent,
person in charge at the time of service for JEVIC TRANSPORTATION, INC at 6
PIONEER DR, OXFORD, MA. Fees: Service 30.00, Travel 8.96, Conveyance 4.50,
Attest 5.00 & Postage and Handling 1.00, Total fees: $49.46

Deputy Sheriff Paul R Almstrom

_____

**Deputy Sheriff**

**N.B. TO PROCESS SERVER:**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

, 20

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Civil Action

No.

Plaintiff

v.

Defendant

SUMMONS

(Mass. R. Civ. P. 4)

| CIVIL ACTION COVER SHEET | 05-1012 | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| David Boucher | Jevic Transportation |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (508) 987-6232 | ATTORNEY (if known) |
|---|---|
| Raymond A. Desautels III, (508) 987-6232<br>466 Main Street, P.O. Box 289<br>Oxford, MA 01540<br>Board of Bar Overseers number: 560505 | |

## Origin code and track designation

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Other - Tort | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................ $............
2. Total Doctor expenses ................................................. $............
3. Total chiropractic expenses ........................................... $............
4. Total physical therapy expenses ...................................... $............
5. Total other expenses (describe) ...................................... $............
        Subtotal $............
B. Documented lost wages and compensation to date ....................... $............
C. Documented property damages to date ................................. $............
D. Reasonably anticipated future medical and hospital expenses ........... $............
E. Reasonably anticipated lost wages .................................... $............
F. Other documented items of damages (describe)
        $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

        $............
        TOTAL $............

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

    Plaintiff did not receive time and one-half for hours worked over 40 hours.  Statute allows for triple damages and attorney's fees.
        TOTAL $ 45,000.....

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Raymond A. Desautels III_    DATE: 5/27/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## CIVIL ACTION COVER SHEET
### INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| | CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|---|
| A01 | Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative | |
| A02 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | | Agency G.L. c. 30A | (X) |
| A03 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E03 | Action against Commonwealth | |
| A08 | Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | | Municipality, G.L. c.258 | (A) |
| A12 | Construction Dispute | (A) | C05 | Condominium lien and charges | (X) | E05 | All Arbitration | (X) |
| A99 | Other (Specify) | (F) | C99 | Other (Specify) | (F) | E07 | c.112,s.12S (Mary Moe) | (X) |
| | **TORT** | | | | | E08 | Appointment of Receiver | (X) |
| B03 | Motor Vehicle negligence- | | | **EQUITABLE REMEDIES** | | E09 | General contractor bond, | |
| | personal injury/property damage | (F) | D01 | Specific performance of contract | (A) | | G.L. c.149,s.29,29a | (A) |
| B04 | Other negligence-personal | | D02 | Reach and Apply | (F) | E11 | Workman's Compensation | (X) |
| | injury/property damage | (F) | D06 | Contribution or Indemnification | (F) | E14 | Chapter 123A Petition-SDP | (X) |
| B05 | Products Liability | (A) | D07 | Imposition of Trust | (A) | E15 | Abuse Petition, G.L. c.209A | (X) |
| B06 | Malpractice-medical | (A) | D08 | Minority Stockholder's Suit | (A) | E16 | Auto Surcharge Appeal | (X) |
| B07 | Malpractice-other(Specify) | (A) | D10 | Accounting | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) | D12 | Dissolution of Partnership | (F) | E18 | Foreign Discovery proceeding | (X) |
| B15 | Defamation (Libel-Slander) | (A) | D13 | Declaratory Judgment G.L.c.231A | (A) | E96 | Prisoner Cases | (F) |
| B19 | Asbestos | (A) | D99 | Other (Specify) | (F) | E97 | Prisoner Habeas Corpus | (X) |
| B20 | Personal Injury-Slip&Fall | (F) | | | | E99 | Other (Specify) | (X) |
| B21 | Environmental | (A) | | | | | | |
| B22 | Employment Discrimination | (F) | | | | | | |
| B99 | Other (Specify) | (F) | | | | | | |

### TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes    ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT,  BUFF COLOR PAPER.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET 05 - 40111

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)   PLAINTIFFS

David Boucher

**DEFENDANTS**

Jevic Transportation, Inc.

**(b)**   County of Residence of First Listed Plaintiff   Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

508-987-6232

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)
Raymond A. Desautels, III
466 Main Street, Oxford, MA   01540

Attorneys (If Known)
Tory A. Weigand, BBO #548553
Gary W. Harvey, BBO #547993
Morrison Mahoney LLP
250 Summer Street, Boston, MA 02210
(617) 439-7500

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☒ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☒ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1   Original
Proceeding

☒ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
another district
(specify)

☐ 6   Multidistrict
Litigation

☐ 7   Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
employment claim for damages

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):   JUDGE F. Dennis Saylor, IV     DOCKET NUMBER 2005-40109

DATE
7/6/05

SIGNATURE OF ATTORNEY OF RECORD
Tory A. Weigand /s/ A. W...

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

05-40111

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **Title of case (name of first party on each side only)**  David Boucher v. Jevic Transportation

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).**

| | | | |
|---|---|---|---|
| ☐ | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. | |
| ☒ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. | *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| ☐ | III. | 110, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. | |
| ☐ | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. | |
| ☐ | V. | 150, 152, 153. | |

3. **Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**
Jason Christiansen v. Jevic Transportation, Inc., C.A. No. 2005-40109

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**
    YES ☐    NO ☒

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)**
    YES ☐    NO ☒
    **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**
    YES ☐    NO ☐

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**
    YES ☐    NO ☒

7. **Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**
    YES ☐    NO ☒
    A.    **If yes, in which division do all of the non-governmental parties reside?**
    Eastern Division ☐    Central Division ☐    Western Division ☐
    B.    **If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?**
    Eastern Division ☐    Central Division ☒    Western Division ☐

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)**
    YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Tory A. Weigand, Esquire, BBO #548553
ADDRESS  250 Summer Street, Boston, MA  02210
TELEPHONE NO.  617-439-7500

(CategoryForm.wpd - 5/2/05)