UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID BOUCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE No. 05-cv-40111-FDS |
| | ) |
| JEVIC TRANSPORTATION, INC. | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT JEVIC'S MOTION TO DISMISS**

Defendant Jevic Transportation, Inc. ("Jevic"), in support of its Motion to Dismiss Plaintiff David Boucher's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), submits the following Memorandum in Support.

**PLAINTIFF'S ALLEGATIONS**

Plaintiff David Boucher ("Boucher") alleges that he loaded trucks during the entire course of his employment with Jevic, a nationwide trucking company and carrier of freight. Complaint, ¶¶ 3-4. Boucher further alleges that he worked more than forty (40) hours a week and did not receive overtime pay. Complaint, ¶¶ 6-7.

For purposes of Jevic's Motion to Dismiss, Boucher's well-pleaded allegations are accepted as true. *See Curran v. City of Boston*, 777 F. Supp. 116, 119 (D. Mass. 1991). Even accepting the allegations as true, Boucher fails to state a claim. Boucher's loader position is exempt not only under federal law but also under the identical Massachusetts law. *See*

968844v1

*Harrington v. Despatch Indus., L.P.*, No. Civ. A. 03-12186-RGS, 2005 WL 1527630, *3 (D. Mass. June 29, 2005).

## ARGUMENT

### *Standard of Review*

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted if the plaintiff can prove no set of facts to support his claim. *Curran*, 777 F. Supp. at 119. For purposes of a motion to dismiss, "[l]egal conclusions, deductions or opinions, however are not given a presumption of truthfulness." *Id.*

I.  **Massachusetts' Overtime Exemption Applies to Boucher**

In his Complaint, Boucher does not assert a claim under the Fair Labor Standards Act (FLSA); instead, Boucher avoids the FLSA (and its obvious exemptions applicable to his employment) and he asserts an overtime claim under Massachusetts' Fair Wage Law (MFWL). However, Boucher's overtime claim fails under Massachusetts law, as it would under federal law, and should be dismissed.

   A.   **Massachusetts Wage Law is Identical to Federal Wage Law.**

In 1935, Congress passed the Federal Motor Carrier Act and "'vested in the Interstate Commerce Commission power to establish reasonable requirements with respect to qualifications and maximum hours of service of employees and safety operation and equipment of common and contract carriers by motor vehicle.'" *Harrington*, 2005 WL 1527630, *3 (quoting *Levinson v. Spector Motor Serv.*, 330 U.S. 649, 658 (1947)). Three years later, Congress passed the FLSA. *Harrington*, 2005 WL 1527630, *3.

"Under the FLSA, an employer is required to compensate employees who work overtime at a rate not less than one and one-half times their regular hourly wage." *Id.* *2.

Likewise, MFWL requires employees be compensated one and one-half times their regular hourly wage for overtime work. Mass. Gen. Laws ch. 151, § 1A. Under the FLSA and the MFWL specific exemptions were made for the Motor Carrier Act. *See* 29 U.S.C. § 213(b)(1) (stating exemption for employees over "whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of [the MCA]"); Mass. Gen. Laws ch. 151, § 1A(8) (stating that the overtime provisions are not applicable to "a driver or helper on a truck with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section two hundred and four of the motor carrier act of nineteen hundred and thirty-five, or as an employee of an employer subject to the provisions of part I of the Interstate Commerce Act").

This Court, as recently as June 29, 2005, as well as the First Circuit, has held that the "relevant exemptions under the MFWL are identical to those under the FLSA . . . and the same analysis applies." *Harrington*, 2005 WL 1527630, *7 n.8 (citing *See Valerio v. Putnam Assocs. Inc.*, 173 F.3d 35, 40 (1st Cir. 1999) ("The basic overtime provision of the Massachusetts statute is essentially identical to the FLSA."). Indeed, the Supreme Judicial Court of Massachusetts held that "[t]he overtime provision of the minimum wage law, G.L. c. 151, § 1A, inserted by St. 1960, c. 813, was expressly intended to provide comparable overtime compensation 'for all workers not now covered by Federal law . . . [and] were intended to be 'essentially identical' to Federal law." *Swift v. AutoZone, Inc.*, 806 N.E.2d 95, 98 (Mass. 2004) (quoting and citing *Valerio*, 173 F.3d at 40). Thus, Boucher's overtime claim under the MWFL is subject to the same analysis and exemptions as provided under the FLSA.

968844v1

### B. Loaders for Interstate Trucks, Such as Boucher, are Exempt From the Provisions Requiring Overtime Compensation.

Under Federal law, and therefore under the MFWL, certain employees and employers are exempt from overtime provisions. This includes "Loaders" for interstate trucking companies. *See* 29 C.F.R. § 782.5. "A 'loader,' as defined for Motor Carrier Act" is an employee "whose duties include, among other things, the proper loading of his employer's motor vehicles so that they may be safely operated on the highways of the country." 29 C.F.R. § 782.5(a). Employees qualify for this exemption even if they are called by another name, such as "'dockman,' 'stacker,' or 'helper,'" and even if their duties may also "include unloading and the transfer of freight between the vehicles and the warehouse." 29 C.F.R. § 782.5(a).

In this case, Boucher freely alleges that he was a "loader" and that he used a forklift for the "unloading and **loading** of trucks." Complaint, ¶ 3 (emphasis added). Thus, Boucher's allegations fall squarely within the exemption for overtime compensation under the FLSA and MFWL. Consistent with this Court's ruling in *Harrington*, 2005 WL 1527630, as well as the Massachusetts' Supreme Court's holding in *Swift*, 806 N.E.2d at 98, Boucher's overtime claim should be dismissed.

///

///

///

///

968844v1

## CONCLUSION

For the foregoing reasons, Defendant Jevic Transportation, Inc. requests the Court dismiss Plaintiff David Boucher's Complaint for failure to state a claim.

Respectfully Submitted,
Morrison Mahoney LLP


/s/ Tory A. Weigand
_____
Gary W. Harvey, BBO #548553
Tory A. Weigand, BBO #547993
250 Summer Street
Boston, MA  02210-1181
Tel:  (617) 439-7500
Fax:  (617) 342-4875 – Harvey
Fax:  (617) 342-4947 – Weigand

and

BRYAN CAVE LLP


Jeremiah J. Morgan, pro hac vice
3500 One Kansas City Place
1200 Main Street
Kansas City, MO  64105
Tel:  816-391-7647
Fax:  816-374-3000

ATTORNEYS FOR DEFENDANT JEVIC
TRANSPORTATION, INC.

**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that a true and correct copy of the above and foregoing was served via United States mail, first class postage prepaid on this 7th day of July, 2005, addressed to the following counsel of record:

    Raymond A. Desautels III, Esq.
    466 Main Street, P.O. Box 289
    Oxford, MA 01540

    Attorney for Plaintiff

                                    /s/ Tory A. Weigand
                                    Attorney for Defendant

968844v1