UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID BOUCHER,<br><br>　　　Plaintiff,<br><br>v.<br><br>JEVIC TRANSPORTATION, INC.<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  CASE No. 05-cv-40111-FDS<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATION OF FILING
## ALL PAPERS REQUIRED BY LOCAL RULE 8.1

I, Tory A. Weigand, attorney for the defendant, hereby affirm that the attached are certified copies of all records and proceedings in the Worcester Superior Court in and for the County of Worcester, including the filing of the Notice of Removal.

　　　　　　　　　　　　　　　Respectfully Submitted,
　　　　　　　　　　　　　　　The Defendant,
　　　　　　　　　　　　　　　JEVIC TRANSPORTATION, INC.
　　　　　　　　　　　　　　　By their attorneys,

　　　　　　　　　　　　　　　MORRISON MAHONEY LLP

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Tory A. Weigand, BBO #548553
　　　　　　　　　　　　　　　MORRISON MAHONEY LLP
　　　　　　　　　　　　　　　250 Summer Street
　　　　　　　　　　　　　　　Boston, MA  02210-1181
　　　　　　　　　　　　　　　(617) 439-7500 (main no.)
　　　　　　　　　　　　　　　(617) 737-8827 (direct dial)
　　　　　　　　　　　　　　　Fax:  (617) 342-4947 – Weigand

969876v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served via United States mail, first class postage prepaid on this 21st day of July, 2005, addressed to the following counsel of record:

Raymond A. Desautels III, Esq.
466 Main Street, P.O. Box 289
Oxford, MA 01540

Attorney for Plaintiff

_____
Attorney for Defendant

MAS-20041213     Case 4:05-cv-40111-FDS    Commonwealth of Massachusetts    Filed 07/22/2005    Page 3 of 13    07/13/2005
walsh_r                                         WORCESTER SUPERIOR COURT                          12:38 PM
                                             Case Summary
                                               Civil Docket

## WOCV2005-01012
## Boucher v Jevic Transportation Inc

| File Date | 06/03/2005 | Status | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| Status Date | 07/13/2005 | Session | B - Civil B (18 Worcester) |
| Origin | 1 | Case Type | B99 - Misc tort |
| Lead Case | | Track | F |

| Service | 09/01/2005 | Answer | 10/31/2005 | Rule12/19/20 | 10/31/2005 |
|---|---|---|---|---|---|
| Rule 15 | 10/31/2005 | Discovery | 03/30/2006 | Rule 56 | 04/29/2006 |
| Final PTC | 05/29/2006 | Disposition | 07/28/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
David Boucher
30 Brookfield Road
Charlton, MA 01507
Active 06/03/2005

**Private Counsel 560505**
Raymond A Desautels III
466 Main Street
PO Box 289
Oxford, MA 01540
Phone: 508-987-6232
Fax: 508-987-0807
Active 06/03/2005 Notify

**Defendant**
Jevic Transportation Inc
6 Pioneer Drive
Oxford, MA 01540
Served: 06/20/2005
Served (answr pending) 06/20/2005

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 06/03/2005 | 1.0 | Complaint civil action cover sheet and Rule 29 statement filed-CJ |
| 06/03/2005 | | Origin 1, Type B99, Track F. |
| 06/03/2005 | | Filing fee paid in the amount of $240.00 including $15.00 surcharge and $20.00 security fee($275.00) |
| 06/23/2005 | 2.0 | SERVICE RETURNED (summons): Jevic Transportation Inc, service made on June 20, 2005 (agent in charge service) |
| 07/13/2005 | 3.0 | Deft. Jevic Transportation Inc. notice of REMOVED to US District Court of Massachusetts |

A true copy by pho
Attest: [signature] D Foley
Asst. Clerk

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-1012 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|



**PLAINTIFF(S)**
David Boucher

**DEFENDANT(S)**
Jevic Transportation

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (508) 987-6232
Raymond A. Desautels III, Esquire
466 Main Street, P.O. Box 289
Oxford, MA 01540
Board of Bar Overseers number: 560505

ATTORNEY (if known)

### Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Other - Tort | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $........
2. Total Doctor expenses ................................................. $........
3. Total chiropractic expenses ............................................ $........
4. Total physical therapy expenses ....................................... $........
5. Total other expenses (describe) ........................................ $........
   Subtotal $........
B. Documented lost wages and compensation to date ........................ $........
C. Documented property damages to date ................................... $........
D. Reasonably anticipated future medical and hospital expenses ............ $........
E. Reasonably anticipated lost wages ..................................... $........
F. Other documented items of damages (describe)
   $........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

A true copy by photostatic process
Attest: Denise D. Foley
Asst. Clerk

$........
TOTAL $........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Plaintiff did not receive time and one-half for hours worked over 40 hours. Statute allows for triple damages and attorney's fees.
TOTAL $ 45,000

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record  Raymond A. Desautels III   DATE: 5/27/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

FILED
JUN 0 3 2005
ATTEST: [signature] CLERK

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

WORCESTER, SS.                                SUPERIOR COURT DEPARTMENT
                                              CIVIL ACTION NO.:
                                                        05-1012

DAVID BOUCHER,              )
            Plaintiff,      )
                            )   COMPLAINT AND DEMAND
vs.                         )   FOR TRIAL BY JURY
                            )
JEVIC TRANSPORTATION, INC.  )
            Defendant       )

## PARTIES

1. The Plaintiff, David Boucher, is an individual residing at 30B Brookfield Road in the Town of Charlton City, County of Worcester, Commonwealth of Massachusetts, (hereinafter referred to as "Boucher").

2. The Defendant, Jevic Transportation, Inc., upon information and belief, is a corporation duly authorized to operate in the Commonwealth of Massachusetts with an office at 6 Pioneer Drive in the Town of Oxford, County of Worcester, Commonwealth of Massachusetts (hereinafter referred to as "Jevic").

3. At all times here mentioned, the Plaintiff, David Boucher, was an employee of Jevic as a warehouse worker operating a fork truck and unloading and loading of trucks.

4. Boucher began working at Jevic on August 1, 1998. During the course of his employment, he always worked on the dock as a fork truck operator.

5. During the course of Boucher's employment his pay rate gradually rose to a maximum of $19.40 per hour.

6. During the course of Boucher's employment he worked more than forty hours per week many times.

7. Jevic never paid Boucher time and one-half for any hours worked over forty hours in a single work week.




## COUNT I
## NON-PAYMENT OF OVERTIME

9.  The above-referenced actions of the Defendant, Jevic, are in willful violation of Chapter 149, §27 and Chapter 151, §1A which require employers to pay time and one-half after a forty hour work week.

WHEREFORE, the Plaintiff requests actual lost wages since the date of his employment plus triple damages as allowed by statute, attorney's fees and costs of collection.

> Respectfully Submitted,
> DAVID BOUCHER,
> By His Attorney,
>
> Raymond A. Desautels III, Esquire
> 466 Main Street, P.O. Box 289
> Oxford, MA 01540
> (508) 987-6232
> BBO #560505

Dated: May 27, 2005

A true copy by photostatic process
Attest:
Asst. Clerk

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.                                                   Superior Court
                                                                 Department of the Trial Court
                                                                 of the Commonwealth
                                                                 Civil Action

**FILED**

JUN 22 2005

ATTEST: *Francis A. Ford*

No. 05-1012B

DAVID BOUCHER                                                    )
                                                                 )
                                   CLERK                         )
                                                                 )
                                      Plaintiff(s)               )    **SUMMONS**
                                                                 )
            v.                                                   )
                                                                 )
JEVIC TRANSPORTATION, INC.                                       )
                                                                 )
                                      Defendant(s)               )

* To the above-named Defendant:

        You are hereby summoned and required to serve upon Raymond A. Desautels III, Esquire, plaintiff's attorney, whose address is 466 Main Street, P.O. Box 289, Oxford, MA 01540 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

        Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

        Witness, ~~SUZANNE DELVECCHIO~~ Barbara J. Rouse, Esquire, at Worcester, the 16th day of ~~June~~ in the year of our Lord two thousand and 2005.

A true copy by photostatic process
Attest: *Denise O. Foley*
Asst. Clerk

*Francis A. Ford*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

        PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
        CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

*       NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                    SUPERIOR COURT
                                                  CIVIL ACTION NO. 05-1012B

|  |  |
|---|---|
| DAVID BOUCHER<br>    Plaintiff,<br><br>v.<br><br>JEVIC TRANSPORTATION, INC.<br>    Defendant. |  |

### NOTICE OF FILING OF NOTICE OF REMOVAL
### TO THE UNITED STATES DISTRICT COURT

TO THE CLERK FOR THE WORCESTER COUNTY SUPERIOR COURT

Please take notice that on July 6, 2005, the above-captioned action has been removed to the United States District Court for the District of Massachusetts, pursuant to Title 28, United States Code §§ 1441 and 1446. A certified copy of said Notice of Removal is attached hereto, in accordance with Title 28, United States Code § 1446(d). In accordance with federal law, the state case shall proceed no further.

Respectfully Submitted,
The Defendant,
JEVIC TRANSPORTATION INC.,
By its attorneys

_____
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Direct Tel: 617-737-8827
Direct Fax: 617-342-4947

&

Jeremiah J. Morgan, *pro hac vice*
BRYAN CAVE LLP
1200 Main Street,
Kansas City, MO 64105
Tel: 816-391-7647
Fax: 816-374-3300

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on 7/12/05

Tory A. Weigand

A true copy by photostatic process
Attest: [signature] Foley
Asst. Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05-1012

| | |
|---|---|
| DAVID BOUCHER, | ) |
| Plaintiff, | ) |
| v. | ) DOCKET NO: |
| JEVIC TRANSPORTATION, INC. | ) 05-40111FDS |
| Defendant. | ) |

COPY

### NOTICE OF REMOVAL

The defendant, Jevic Transportation, Inc. ("Jevic"), hereby petitions this Court that the above-entitled action, now pending against it in the Worcester Superior Court, Civil Action No. 05-1012B, be removed therefrom to this Court under 28 U.S.C. §1332. In support of this notice, Jevic states as follows:

1. On June 3, 2005, the plaintiff filed an action, styled and captioned as above and assigned Civil Action No. 05-1012B, for violation of Chapter 149, §27 (violation of overtime laws) and Chapter 151, §1A (violation of overtime laws).

2. The plaintiff served a copy of the Summons and Complaint upon Jevic on or about June 20, 2005.

3. Having been filed within 30 days of service of the Summons and Complaint upon Jevic, this Notice of Removal to the United States District Court has been filed in a timely manner pursuant to the provisions of 28 U.S.C. §1444(b). *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S 344, 347-48 (1999).

I hereby certify on 7/6/05 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on _____
☑ original filed in my office on 7/6/05

Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

968708v1

4.    Jevic will promptly provide written notice, as required by 28 U.S.C. § 1446(d), to the adverse party and clerk of the state court in which this case was initially filed.

5.    Jurisdiction exists over this removed action, pursuant to 28 U.S.C. § 1441, because this action could originally have been filed in this Court, pursuant to 28 U.S.C. § 1332(a)(1), on the basis that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000:

    (a) The defendant, Jevic Transportation, Inc., at the commencement of this suit was and has continued to be a New Jersey corporation having its principal place of business in Delanco, New Jersey;

    (b) Based on the Complaint, the plaintiff is an individual residing in the Town of Charlton City, Massachusetts; and

    (c) The amount of damages sought by the plaintiff exceeds $75,000.00.

6.    In determining whether the amount in controversy requirement has been met, courts apply the "legal certainty" test which requires that a court dismiss an action if "it appears to a legal certainty that the plaintiff's claim is for less than the jurisdictional minimum." *Giangrande v. Shearson Lehman/E.F. Hutton*, 803 F. Supp. 464, 467 (D. Ma. 1992) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Although attorneys' fees do not usually constitute part of the amount in controversy for determining diversity jurisdiction, reasonable attorneys' fees can be included in an assessment of the amount in controversy when such attorneys fees are provided by statute. *Spielman v. Genzyme Corp.*, 193 F.R.D. 19, 21 (D. Ma. 2000). In the instant case, attorney's fees are provided by Chapter 149 and plaintiff is seeking attorneys fees under the statute.

2

968708v1

7.    In the instant case, plaintiff seeks triple damages for lost overtime and wages over the course of seven years, as well as attorney's fees associated with this action. As such, plaintiff's claim exceeds $75,000 in damages and allowable fees.

8.    Pursuant to 28 U.S.C. §§ 101 and 1441(a), the United States District Court for the District of Massachusetts is the proper forum for the removal of the state court action which was commenced in the Worcester Superior Court.

WHEREFORE, the defendant, Jevic Transportation, Inc., requests that the action pending in the Superior Court in Worcester County be removed therefrom to this Court and proceed as an action properly so removed.

Respectfully Submitted,

Morrison Mahoney LLP

By: _____
Gary W. Harvey, BBO #547993
Tory A. Weigand, BBO #548553
250 Summer Street
Boston, MA 02210-1181
Tel: (617) 439-7500
Fax: (617) 342-4875 – Harvey
Fax: (617) 342-4947 – Weigand

and

BRYAN CAVE LLP

A true copy by photostatic process
Attest: _____
Asst. Clerk

Jeremiah J. Morgan, pro hac vice pending
3500 One Kansas City Place
1200 Main Street
Kansas City, MO 64105
Tel: 816-391-7647
Fax: 816-374-3000
ATTORNEYS FOR DEFENDANT JEVIC
TRANSPORTATION, INC.

968708v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served via United States mail, first class postage prepaid on this 6th day of July, 2005, addressed to the following counsel of record:

Raymond A. Desautels III, Esq.
466 Main Street, P.O. Box 289
Oxford, MA 01540

Attorney for Plaintiff

_____
Attorney for Defendant

4

968708v1